EMMA GRUNERT, EXECUTRIX, ETC., v. HENRY BECKER, FERDINAND MEIER, AND AUGUSTE MEIER.

*Mortgage—Priority—Foreclosure—Apportionment of proceeds.*

The purchaser of a farm paid $1,100 of the purchase price in cash, and secured the remaining $1,900 by a mortgage on the land. The $1,100 was a portion of a loan of $1,500 which he secured by a mortgage on the same land, both mortgages being of even date, but, by an agreement with the grantor, the $1,500 mortgage was to have priority over his mortgage. The grantor recorded his mortgage first. Both were five-year mortgages. The first mortgagee, on default in payment of the first year's interest on his mortgage, commenced to foreclose it. The second mortgagee defended on the ground of an alleged agreement by the first mortgagee, in consideration of the priority of his mortgage, not to foreclose it until the end of the five years, and in the mean time, in case of the failure of the common mortgagor to pay the interest and principal of the second mortgage as it fell due, to make such payment. The latter, but not the former, agreement was established on the hearing, and, at the time of the decision of the appeal

from the decree rendered on said hearing, nearly four and one-half of the five years had elapsed, during which time the second mortgagee had practically defended the mortgagor's possession, and the interest on his mortgage had accumulated so that the principal and interest and costs of foreclosure approached the original consideration for the farm, and it was doubtful whether it would sell for that amount and the costs of sale. And it is held that the only consideration for the agreement of suretyship was the priority of the first mortgage; that the only advantage of such priority was the right to cut off the mortgagor's rights in the land upon his default; that it would be grossly inequitable, in view of the fact that, by the conduct of the second mortgagee, the first mortgagee has been deprived of all benefit of the priority of his mortgage, to compel him, not only to lose his own claim, but to pay that of the second mortgagee; and it is therefore decreed that the proceeds of the sale of the mortgaged premises, after deducting the costs of the court below and of sale, shall be divided on the basis of 15-34 to the first mortgagee and 19-34 to the second mortgagee, and that the first mortgagee shall be released from all obligation upon his agreement of suretyship, and the land discharged from both mortgages.

Appeal from Berrien. (O'Hara, J.) Argued February 13, 1894. Decided April 10, 1894.

Bill to declare a mortgage to be a prior lien to an earlier recorded mortgage, executed on the same day, and to foreclose the same. Complainant and defendant Becker appeal. Decree modified and affirmed. The facts are stated in the opinion.

*Edward. Bacon,* for complainant.

*George W. Bridgman,* for defendant Becker.

McGRATH, C. J. On the 16th day of October, 1889, defendant Becker sold and conveyed to defendant Meier 160 acres of land for the sum of $3,000. Meier had no means, and Julius Grunert was to advance to Meier certain moneys. Becker, Grunert, and Meier had an interview. Grunert agreed to advance the sum of $1,500, but

insisted upon a first mortgage for the money so advanced, and Becker insisted upon a first mortgage for the balance of the purchase money. It was finally agreed that Grunert should have the first mortgage, but the parties disagree as to the conditions upon which the Grunert mortgage was to have priority. The parties repaired to the office of a justice of the peace, where the deed and mortgages were prepared and executed. The justice spoke English only. Grunert spoke and understood English, but imperfectly. Becker, although a German, spoke English fluently, and gave the instructions to the justice. The deed and both mortgages were executed in blank, and were filled out by the justice after the parties had separated. Neither mortgage contained any reference to the question of priority. What arrangements were made with reference to recording the papers does not clearly appear; but Becker secured the record' of his mortgage first, and Grunert received his mortgage after its record, which was the first time he had seen it. Meier was already indebted to Grunert, and received but $1,400 upon the mortgage, and of this sum he paid Becker $1,100 upon the real estate, and $300 for personal property which was upon the farm. Grunert's mortgage was for $1,500, and Becker's for $1,900; and both were for five years, with interest at 6½ per cent., payable annually.

Meier defaulted upon the first year's interest, and Grunert (since deceased) filed this bill to have his mortgage declared the first, and to foreclose the same. A decree *pro confesso* was taken against Meier. Becker answered, admitting that Grunert's mortgage was to be first, but, although both mortgages are silent upon the subject, set up that the agreement was that Grunert should not foreclose his mortgage until the end of the five years, and that in the mean time, in case Meier should fail to pay the interest and principal of the Becker mortgage as

it became due, Grunert was to pay the same, and that, at
the time of the execution of the mortgages, Grunert signed
the following paper:

"This agreement, made between Henry Becker and
Julius Grunert on the 16th day of October, 1889, witness-
eth said Julius Grunert agrees to pay to Henry Becker if
the said Meier, who gave a mortgage, fails to pay Henry
Becker, the said Julius Grunert agrees to pay the said
Henry Becker the balance what he owes on said farm
described in mortgage."

Grunert insisted upon the hearing that this paper was
not understood by him, and that he was imposed upon;
but we think the fact of execution, with knowledge of its
contents, was fully proven, whether he understood the
legal effect of the writing or not. The record utterly
fails, however, to establish the other agreement set up by
Becker. Under this supplemental agreement, Grunert
occupied the situation of a surety, simply. The only con-
sideration for this agreement was the priority of his mort-
gage. The only advantage that such priority gave him
was the right to cut off Meier upon his default. Nearly
four and one-half years of the five have now elapsed, and
during all that time Becker has practically defended
Meier's possession. In the mean time the interest on
Becker's mortgage has accumulated so that the principal,
the interest, and the costs of foreclosure approach the orig-
inal consideration for the farm; and, from the testimony
in this record, it is doubtful whether the farm will sell for
sufficient to satisfy that claim, with the costs of sale. It
would be grossly inequitable, in view of the fact that, by
Becker's conduct, complainant has been deprived of all
benefit and advantage of the priority of his mortgage, to
compel him now, not only to lose his own claim, but to
pay Becker's.

The proceeds of the sale of the premises, after deducting
the costs of the court below and the further costs of sale,

should be divided, 15-34 to complainant, and 19-34 to defendant Becker. Complainant should be released from all obligations upon the said personal agreement, and the land be thereupon discharged from both liens.

The decree will be modified accordingly, and complainant will be entitled to the costs of this Court against defendant Becker, and the record remanded.

LONG, GRANT, and HOOKER, JJ., concurred with MC-GRATH, C. J.

MONTGOMERY, J. (*dissenting*). I cannot concur in the conclusion reached by the Chief Justice. I think the record sustains the conclusion which is reached in the majority opinion,—that the attempt on the part of the defendant Becker to assert the claim that the complainant is not entitled to foreclose his mortgage until the end of five years is unconscionable. Yet I do not think it is competent for the Court to impose on the defendant, as a penalty for setting up this unconscionable defense, the terms of the decree provided in the opinion. I am unable to find in the record a basis for any precise determination as to the amount of complainant's damage by such defense, if it were permissible to punish the defendant for interposing the defense at all, except in the way of awarding costs for vexatious appeal.